Not For Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

FRITZ GERALD TOUSSAINT,

    *Plaintiff*,

  v.

MICHAEL SHULMAN, et al.,

    *Defendants*.

Civil Action No. 22-2752

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Fritz Gerald Toussaint seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 2. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff asserts that his former attorney, Defendant Michael Shulman, violated a number of Plaintiff's constitutional rights while Defendant was acting as Plaintiff's attorney.  Compl. at 5.  Plaintiff states that he is asserting Section 1983 claims against Defendant.  *Id.* at 4.  Section 1983 provides individuals with a cause of action for certain violations of constitutional rights.  *See* 42 U.S.C. § 1983.  To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).  But "[t]here is no liability under § 1983 for those not acting under color of law."  *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).  In other words, Section 1983 "protects against constitutional violations by the State, but 'not against wrongs done by individuals.'"  *Surina v. S. River Bd. of Educ.*, No. 17-2173, 2018 WL 1327111, at *3 (D.N.J. Mar. 15, 2018) (quoting *United States v. Price*, 383 U.S. 787, 799 (1966)).  In very limited circumstances, however, a private citizen or entity may be liable under Section 1983 if a plaintiff establishes "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)) (emphasis omitted).

Plaintiff states that because Defendant Shulman is admitted to practice in New Jersey, he is an officer of the court.  Compl. at 4.  While not explicitly stated, Plaintiff seems to allege that he can assert his Section 1983 claims because Shulman is an officer of the court.  But privately

retained attorneys are not state actors for purposes of Section 1983. *See Newton v. City of Wilmington*, 676 F. App'x 106, 108 (3d Cir. 2017); *see also White v. Hinds*, No. 13-7441, 2015 WL 3745216, at *3 (D.N.J. June 15, 2015) (stating that "attorneys are not considered state actors simply because they are acting as officers of the court"). Plaintiff's Complaint provides no allegations that plausibly suggest that Defendants, an individual and a limited liability corporation, acted under color of state law to deny Plaintiff's constitutional rights. As a result, Plaintiff fails to state a Section 1983 claim.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Given Plaintiff's allegations, it appears that any attempt at amendment would be futile. But because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claims and provide plausible factual allegations demonstrating that he is asserting cognizable claims. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 17 day of May, 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.